**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES MCCABE, Derivatively On Behalf
of FIDELITY NATIONAL FINANCIAL, INC.,

    Plaintiff,

vs.                                        CASE NO. 3:05-cv-149-J-25TEM

WILLIAM P. FOLEY, II, RAYMOND R.
QUIRK, ALAN L. STINSON, FRANK P.
WILLEY, TERRY N. CHRISTENSEN,
WILLIAM A. IMPARATO, DONALD M.
KOLL, WILLIAM LYON, CARY H.
THOMPSON, DANIEL D. LANE, JOHN F.
FARRELL, JR., PHILIP G. HEASLEY,
WILLIE D. DAVIS, J. THOMAS TALBOT and
RICHARD P. TOFT,

    Defendants,

- and -
FIDELITY NATIONAL FINANCIAL, INC.,
a Delaware Corporation,

    Nominal Defendant.

_____

**O R D E R**

This case came before the Court on January 31, 2006 for a hearing[1] Defendants' Joint Motion for a Temporary Stay of Discovery and Protective Order (Doc. #29, Motion to Stay) and the opposition thereto (Doc. #32). The Court had earlier permitted Nominal Defendant Fidelity National Financial, Inc., to file a reply memorandum in support of the motion to stay (Doc. #36).

---

[1] The non-transcribed recording of the telephonic hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Defendants argue good cause exists for protection from Plaintiff's discovery requests, and to stay overall discovery until the District Court rules on the pending motions to dismiss, because there is a "clear possibility" resolution of those motions will dispose of this case in its entirety.  More specifically, Defendants argue Plaintiff has failed to meet the heightened pleading requirement of Fed. R. Civ. P. 23.1, and he is not permitted to use pretrial discovery to comply with the notice pleading standard.  The individual defendants have requested the District Court to consider an alternative motion for summary judgment, as set forth in the motion to dismiss complaint (Doc. #24).

Plaintiff argues Defendants have not shown good cause for entry of a protective order as Defendants have failed to establish "the clear case of hardship required to necessitate a stay of discovery." Doc. #32 at 1.[2]  Plaintiff asserts the sought discovery also goes to Defendants' motion for summary judgment and should be ordered because any stay would prejudice Plaintiff's ability to defend against the pending dispositive motions. Doc. #32 at 7.

The Court notes the Nominal Defendant Fidelity's Motion to Dismiss Verified Amended Shareholder Derivative Complaint (Doc. #23) and Individual Defendants' Motion to Dismiss Complaint, or in the Alternative, motion for Summary Judgment (Doc. #24) are currently pending before the District Court.  Further, although the originally established discovery deadline of February 1, 2006 has passed, the Case Management and Scheduling

---

[2]Reference to page numbers in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay Discovery Pending Resolution of Their Motions to Dismiss (Doc. #32), will reflect the number shown on the bottom of the identified page.

Order (Doc. #20) provides the parties may agree among themselves to extend discovery. This case is set for the trial term beginning September 5, 2006.

Plaintiff has filed a shareholder derivative lawsuit alleging breach of fiduciary duties, abuse of control, gross mismanagement, waste of assets, and unjust enrichment.  *See* Doc. #21, Verified Amended Complaint.  Plaintiff asserts demand futility for failing to make a pre-suit demand to the board of directors.  All parties agree that Fed. R. Civ. P. 23.1 controls the pleading requirements in this case.  Rule 23.1 provides that the complaint shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort."  The parties disagree as to the sufficiency of the Verified Amended Complaint.

In this instance, the defendants have facially attacked the legal sufficiency of the Verified Amended Complaint.  In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), the court determined that challenges to the legal sufficiency of a claim or defense should often be resolved before discovery begins.  *Id.* at 1367.  The court noted that such disputes present purely legal questions where there is no need for discovery prior to ruling on dispositive motions.  *Id.* (internal citations omitted).  The *Chudasama* court also noted that discovery imposes many costs on the parties and can tax scarce judicial resources when discovery disputes arise.  *Id.* at 1367-68.

While motions to stay discovery may be granted pursuant to Rule 26 (c), Fed. R. Civ. P., the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) *citing Howard v. Galesi*, 107

F.R.D. 348,350 (S.D.N.Y. 1985). A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. *Id.* In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Feldman, supra*, 176 F.R.D. at 652-53.

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman, supra,* 176 F.R.D. at 652.

The Court clarified the parties' positions and heard oral argument on January 31, 2006. Although Rule 23.1 contains the heightened pleading requirement of showing futility, the substantive analysis of the demand futility argument is based on the law of Delaware where the Defendant company is chartered. *Story v. Kang*, Case No. 8:04CV1587T-23TBM, 2006 WL 163078 (M.D. Fla. Jan. 20, 2006).

Plaintiff has alleged demand futility based on several types of claims including: (1) that the directors, even the outside directors, engaged in insider selling, (2) that the inside directors and officers and outside directors lack independence from the three members of the compensation committee because they have an interest in guarding their compensation, (3) that members of the compensation, audit and corporate governance and nomination committees (nine of the 11 board members) all were involved in the wrongdoing or concealing of it, and thus breached their duties and could be subject individual liability,

and (4) that several of the directors have various types of relationships with each other and would be suing themselves.

The allegations are conclusory. The only support cited for the allegations are newspaper articles (many of which don't even mentioned Defendant Fidelity) and speculation. In one quoted article, Defendant Foley is quoted as stating that the company has ceased the practice of paying the alleged improper commissions and it had paid only $10 million in commissions.[3] Although that supports the claim that the company engaged in the practice Plaintiff alleges, nothing in the complain indicates a specific board action or vote approving of the practice.

Where the alleged corporate wrong-doing is results from a vote by the board, or where the board members own a controlling amount of the shares, courts are more likely to find futility. *See, e.g., Clark v. Lomas & Nettleton Financial Corp.*, 625 F.2d 49 (5th Cir. 1980).[4] But where a lack of board independence is claimed to show futility, there must be an allegation of particularized facts to show a board is dominated or so influenced as to deprive it of board discretion. *In re Sagent Technology, Inc., Derivative Litigation*, 278 F.Supp. 2d 1079 (N.D. Cal. 2003) (applying Delaware law). Many courts have held that even mere approval by the board of an injurious transaction is insufficient to excuse

---

[3]The Court notes the initial complaint in this matter was filed February 11, 2005, prior to the first article (February 22, 2005) in which the California attorney general mentions Fidelity National. Prior to that time the New York attorney general had criticized other companies for contingent commissions as violating of New York state competition laws (Doc. # 1, ¶ 92), but Fidelity was not mentioned.

[4]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

demand.  See In re Kauffman Mutual Fund Actions, 479 F.2d 257, 264 (1st Cir.), cert. denied, 414 U.S. 857 (1973).

The Court does not find particularized facts alleged here, but merely conclusory statements.  Although the complaint alleges insider selling, most of the sales transactions alleged stop in early 2003 and the company stock price apparently was higher in early 2004 when one defendant sold additional stock.  Subsequent stock prices are not listed.  The insider selling allegation apparently is based upon claims that the directors who must have had, or should have had, knowledge of the sales in order to perform their board duties, thus breached their fiduciary duty.  However, no specific actions of the board, or committees, or individual directors are alleged.  Nor are there allegations of undue compensation or compensation specifically tied to the alleged wrongdoing.

In a Delaware case in which the defendants sought to dismiss a complaint based upon a failure to properly allege futility, the court denied a motion to amend the complaint because the proposed amendment was "nothing more than a compilation of unsupported conclusory allegations."  Stotland v. GAF Corp., Case No. CIV. A. No. 6876, 1983 WL 21371 at *4 (Court of Chancery of Delaware, Sept. 1, 1983).  The court further found that simply stating that some payments constitute a waste of assets and breach of fiduciary duty is insufficient because such statements do not offer enough factual information to permit an inference that the alleged charges may be correct.  Id.  The Stotland court found it could not "draw an inference of breach of fiduciary duty based on the [p]laintiff's conclusion that 'this is so.'"  Id.

In granting the dismissal in that case, the court noted that all of the allegations against board members were conclusory. "Plaintiffs should not be permitted to assume without demonstrating board interestedness or bias that the board would be unwilling to take corrective measures if asked to do so." *Id.* at *6. The court also noted that an allegation of demand futility cannot be made on the claim the board members would have to sue themselves. In the words of the Stotland court, "[m]erely naming all the members of the board is not in and of itself sufficient to excuse demand. Interestedness cannot be manufactured." *Id.* (internal citations omitted).

The Court is not swayed by Plaintiff's severe hardship argument regarding Defendants' request to stay discovery, as hardship is not the standard for consideration in this type of motion. Further, the Court does not agree that Plaintiff will be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided. The Court has reviewed each of the referenced motions and responses, including the authority cited by the parties, and the motions to dismiss and those responses. A preliminary peek at the motions to dismiss reveals Defendants have raised meritorious challenges to the legal sufficiency of the Verified Amended Complaint.[5] Whether the amended pleading can withstand the challenges is a matter for consideration by the District Court. However, upon consideration of the facts of this case under the framework of *Chudasama* and *Feldman*, the undersigned finds Defendants have met their burden and

---

[5]In determining that Defendants raised challenges of sufficient merit to warrant a temporary stay of discovery, the Court found the cases of *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994); *Clark v. Lomas & Nettleton Financial Corp.*, *supra*, 625 F.2d 49 (5th Cir. 1980); and, *Story v. Kang*, *supra*, 2006 WL 163078 (M.D. Fla. Jan. 20, 2006) to be helpful. The undersigned expresses no opinion as to ultimate merit of either Defendants' challenges or Plaintiff's Verified Amended Complaint as pled.

have shown good cause for entry of a protective order staying discovery until such time as the pending motions to dismiss are resolved. Accordingly, it is hereby

**ORDERED:**

1. Defendants' Joint Motion for a Temporary Stay of Discovery and Protective Order is **GRANTED to the extent** discovery in this case shall be temporarily stayed. Other relief sought by the instant motion is **DENIED**.

2. This stay will expire upon entry of an order resolving Nominal Defendant Fidelity's Motion to Dismiss Verified Amended Shareholder Derivative Complaint (Doc. #23) and Individual Defendants' Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgment (Doc. #24). At that time, if necessary, the parties may seek to revisit the established deadlines in this case.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of March, 2006.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge